```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

**UNITED STATES OF AMERICA**,

      **Plaintiff,**    Case No. 09 CR 206

  v.          Hon. Harry D. Leinenweber

**MARIO RAINONE,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

Before the Court are the parties' Motions in Limine. For the reasons stated herein, the Court grants in part and denies in part the Government's Motions and grants in part and denies in part the Defendant's Motions.

### I.  BACKGROUND

On February 12, 2009, Addison Police arrested Defendant Mario Rainone (hereinafter, "Rainone" or Defendant") for residential burglary. Subsequently, officers obtained a search warrant to search Defendant's residence, which led to the discovery of a firearm. Later, Government officials learned that Rainone was in illegal possession of the firearm because he had at least one prior felony conviction.

On March 5, 2009, a grand jury indicted Rainone for violating 18 U.S.C. § 922(g)(1). Rainone has pled not guilty to the charge and is awaiting his trial.

In November 2012, the parties filed their Motions in Limine. In those Motions, the parties seek to admit and/or exclude certain evidence at trial.

## II. LEGAL STANDARD

Judges have broad discretion when ruling on motions in limine. See Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002); United States v. Lillie, 669 F.Supp.2d 903, 905 (N.D. Ill. 2009). However, evidence may be excluded only when it is inadmissible on all potential grounds. United States v. Caputo, 313 F.Supp.2d. 764, 767-68 (N.D. Ill. 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." Hawthorne Partners v. AT&T Techs., Inc., 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Thus, the party moving to exclude evidence in limine has the burden of establishing that the evidence is not admissible for any purpose. Robenhorst v. Dematic Corp., 2008 WL 1821519, at *3 (N.D. Ill. April 22, 2008).

## III. ANALYSIS

### A. Government's Motions in Limine

The Government seeks to prohibit Defendant from introducing evidence of jury nullification. The Government also moves to admit Rainone's conviction for residential burglary and evidence relating

to the burglary tools and stolen goods that were discovered in Defendant's residence.

1. Jury Nullification

The Government seeks to bar Defendant from introducing evidence or argument of jury nullification. It has identified examples of such evidence or argument, including evidence relating to (1) the Defendant's age, health, or family needs; (2) the selective or ethnically motivated prosecution of Defendant; (3) the penalties Defendant could face if convicted; (4) the motivation for investigation and prosecution; (5) discovery requests; and (6) evidence of lawfulness evidence or argument relating to the Government's motivation for prosecution.

Jury nullification occurs when a jury disregards the law and the judge's instructions as to the law and acquits a criminal defendant who is guilty. The Seventh Circuit instructs that "[n]either the court nor counsel should encourage jurors to exercise [nullification] power" and the Court may preclude defense attorneys from any attempts to present evidence or argument of nullification. United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996). Accordingly, the Court grants the Government's Motion to prohibit Defendant from introducing evidence of jury nullification. This ruling includes evidence or argument regarding Rainone's age, health or family that is intended to invoke sympathy. See United States v. Wantuch, 525 F.3d 505, 518 (7th Cir. 2008). It also includes any evidence or argument that attempts to convey a message that the Government was motivated to

prosecute Defendant because of his Italian heritage or arguments that the Government is prosecuting Defendant selectively. See United States v. Goulding, 26 F.3d 656, 667 (7th Cir. 1994); Wayte v. United States, 470 U.S. 598, 607 (1985) (stating "[So] long as the prosecutor had probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

Defendant is also barred from introducing evidence relating to the penalties he could face if convicted and is barred from submitting argument or commentary regarding discovery in the presence of the jury. See Shannon v. United States, 512 U.S. 573, 579 (1994); see also, United States v. Quinones, No. 02-CR-924-3, 2003 WL 22697503 at *3 (N.D. Ill. Nov. 13, 2003). Finally, Defendant is prohibited from presenting evidence of lawfulness not within the parameters of Federal Rule of Evidence 405(a). See United States v. Burke, 781 F.2d 1234, 1243 (7th Cir. 1985) ("stating "[e]vidence that the defendant frequently performs lawful or laudable acts does not often establish that some subsequent act is also lawful or laudable.").

The Court notes that the aforementioned examples are not intended to be exhaustive. The Court bars Defendant from offering any evidence or argument that is intended to elicit jury nullification.

## 2. Defendant's Burglary Conviction and Evidence of Burglary Tools

The Government also moves to admit Defendant's conviction for burglary. It seeks to admit evidence of the burglary tools and stolen items officers discovered in Defendant's residence and Defendant's vehicle. The Government argues this evidence establishes a motive for Defendant to possess a firearm. Specifically, they argue that Rainone's motive was to protect himself and his stolen goods. At a status hearing, Defendant orally objected to the admission of such evidence. To date, Defendant has failed to file a response to the Government's motions.

Federal Rule of Evidence 404(b) allows the Court to admit evidence of another crime or bad act if the purpose of the evidence is to establish a defendant's motive for committing the charged crime. United States v. Howard, 692 F.3d 697, 702-03 (7th Cir. 2012). In determining whether the introduction of such evidence is proper, the Seventh Circuit instructs trial courts to consider whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice[.]

Untied States v. Toro, 359, F.3d 879, 884 (7th Cir. 2004).

The Government contends that when applying this test, the Court should find Defendant's burglary conviction and burglary tools admissible. The Court disagrees. While the Government notes that the Seventh Circuit has upheld the admission of prior drug transactions and/or convictions to establish a defendant's motive for possessing a firearm, the Court finds the Seventh Circuit's prior holdings on the admission of burglary convictions in illegal possession cases more persuasive.

The Court concedes that the Seventh Circuit has affirmed both a district court's denial and a district court's admission of burglary evidence in gun possession cases. Compare United States v. Wiman, 77 F.3d 981, 984-85 (7th Cir. 1995) (upholding a district court's conclusion to exclude evidence of an attempted burglary because while there was some evidentiary link the prejudicial impact outweighed the probative value); and United States v. Joy, 192 F.3d 761, 768-69 (7th Cir. 1999) (affirming a district court's admission of evidence of a defendant's involvement in a burglary earlier on the evening he was arrested to show that he had a motive for possessing the gun).

However, this Court finds the facts in Joy and the cases cited therein distinguishable from the case at bar. In Joy, the defendant used the firearm to coerce his friend to be the "look-out" while he burglarized a home. Id. at 768-69. He also carried the firearm in the commission of the burglary, and used the firearm to threaten his brother when a fight between the two ensued after the burglary was complete. Id. In determining that the admission of the burglary

conviction was proper, the Seventh Circuit examined the rulings in the Second, Sixth, and Ninth Circuit to find the burglary evidence relevant to the defendant's knowing possession of a gun and the defendant's motive.

The facts in those cases all share a common characteristic that is lacking here. The defendants in those cases used the firearm in the commission of the burglaries they committed. Id. This is not true in Rainone's case. Rainone was arrested on February 12, 2009 when officers observed him committing a residential burglary. It was not until the next day, February 13, 2009, that officers searched Rainone's home and discovered the firearm and other burglary tools and stolen goods.

The Government claims the Court should find the burglary conviction, burglary tools and stolen goods admissible because this establishes that Rainone had a firearm to protect himself "in connection with his burglary activity and to protect himself and his stolen goods." Govt.'s Mot. at 8. The Court disagrees. First, if Rainone's motive in possessing a gun was truly to protect himself in connection with his burglary activity, it seems strange that Rainone would leave his firearm at home while committing a burglary. Next, to the extent the Government argues that Rainone's motive for having a gun was to protect his stolen goods, the Court is not persuaded. Adopting this reasoning would make it conceivable for nearly anyone to have a motive to possess a firearm, as the desire to protect one's property is not exclusive to burglars. Moreover, like the court in

Wiman, this Court does not find that the Defendant's motive to possess a firearm at issue, and even to the extent that it may be, the Government appears to have sufficient evidence with respect to Defendant's constructive possession of the firearm so that "the prejudicial effect of the burglary-related evidence far outweigh[s] its probative value." United States v. Wiman, 77 F.3d 981 at 984; citing Fed. R. Evid. 403. The Court therefore denies the Governments motion to admit Defendant's burglary conviction and burglary tools.

### B. **Defendant's Motions** in Limine

Defendant has filed three motions in limine. In those motions, Defendant seeks to bar reference to (1) Rainone's alleged organized crime affiliation; (2) evidence that the gun discovered in Defendant's home was stolen; and (3) evidence of prior judgments and periods of incarceration.

#### 1. Evidence of Organized Crime Affiliation

In response to Defendant's motion seeking to exclude evidence of Defendant's alleged affiliation with organized crime, the Government submits that it does not intend to present any such evidence. Thus, the Court grants Defendant's motion.

#### 2. Evidence that the Gun Was Stolen

Defendant argues that the Court should prohibit the Government from presenting evidence that the gun recovered from Defendant's residence was stolen. Defendant claims such evidence should be excluded because it is irrelevant and prejudicial. The Government objects, arguing that evidence that the gun was stolen is relevant

because it establishes that Defendant was in constructive possession of the gun.

Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." United States v. Boros, 668 F.3d 901, 907 (7th Cir. 2012) citing FED. R. EVID. 401. In this case, Defendant is charged with one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In order to sustain a conviction for such an offense, the Government must prove, beyond a reasonable doubt, that Defendant "(1) had been convicted of a crime punishable by a prison term exceeding one year and (2) knowingly possessed a firearm (3) that traveled in or affected interstate commerce." United States v. Lane, 267 F.3d 715, 717 (7th Cir. 2001). As the Government points out, when officers discovered the gun in Defendant's bedroom, the Defendant was not home and therefore not in actual possession of the firearm. Because of this, Government intends to call a witness who will testify that (1) he the lawful owner of the gun recovered from Rainone's residence; (2) his gun was stolen in October 2008; (3) he does not know Rainone; and (4) he has never been to Rainone's residence. The Court finds this proposed testimony highly relevant toward proving Rainone's constructive possession of the firearm. As such, the Court denies Defendant's motion.

### 3. Evidence of Prior Judgments and Incarceration

Defendant also seeks to preclude evidence of prior judgments and evidence of periods of incarceration. Defendant acknowledges that having a felony conviction is an element of the crime of which Rainone is charged, but argues that stating the name and nature of Defendant's charge will be overly prejudicial. In this motion, Defendant also contends that the Government should be precluded from referring to the court documents that officers discovered in Rainone's residence at the time the firearm was discovered. In response, the Government argues that such documents are relevant in establishing constructive possession and submits that it will redact the documents in order to eliminate any prejudice that could result from the jury learning of the nature or number of crimes of which Defendant has been convicted.

In light of the Government's proposal to redact, the Court grants in part and denies in part Defendant's motion. The Court grants Defendant's motion regarding evidence of Defendant's prior periods of incarceration. The Court finds evidence of this nature to be overly prejudicial and therefore prohibits the Government from introducing any evidence or argument of this kind.

The Court denies Defendant's motion with respect to his request to prohibit the Government from presenting the documents recovered at Defendant's residence so long as the Government redacts the information relating to the nature of the charges and the number of convictions and allows the Court and Defendant to examine these

redacted documents prior to trial. The Court agrees with the Government that such documents are relevant to Defendant's constructive possession of the firearm. As the Government notes, officers discovered these court documents bearing Defendant's name on or near the table where the firearm was discovered. Therefore, this evidence is probative to the issue of whether Defendant had control over the table and in turn the firearm. The Seventh Circuit recently explained that producing evidence that contraband is discovered within close proximity to a defendant's other personal effects is permissible in establishing constructive possession. United States v. Griffin, 684 F.3d 691, 695-97 (7th Cir. 2012). Thus, the Court grants in part and denies in part Defendant's motion to preclude evidence of prior judgments and incarceration.

## IV. **CONCLUSION**

For the reasons stated herein, the Court rules as follows:

1. Grants in part and denies in part the Government's Motions in limine [ECF No. 85]; and

2. Grants in part and denies in part Defendant's Motions in Limine [ECF Nos. 88, 89, 90].

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** January 31, 2013