```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIO RAINONE, <br><br> Defendant. | Case No. 09 CR 206 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Mario Rainone's Motion for Judgment of Acquittal and Motion for a New Trial. For the reasons stated herein, the Defendant's Motions are denied.

### I.  BACKGROUND

A jury convicted Defendant, Mario Rainone (hereinafter, "Rainone" or the Defendant") of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) on February 28, 2013. At the trial, the Government presented testimony of various law enforcement officers who testified that a search warrant was obtained and executed for the condominium Rainone was occupying. During the search, officers discovered a .357 caliber revolver in Rainone's night stand and also found Rainone's birth certificate, Illinois identification card, and other personal effects in or near the same night stand.

The Government also provided testimony from Michelle Cozzo ("Cozzo"), the owner of the condominium, during its case-in-chief.

Cozzo testified that she allowed Rainone to live at the condominium and that he stayed in the bedroom where officers discovered the firearm.

Bryan Thalia ("Thalia"), the owner of the firearm, also testified. He stated that his firearm was stolen from his residence in the fall of 2008, and stated that he did not know Rainone and had never been to the condominium from which the firearm was recovered.

The jury convicted Rainone on February 28, 2013. On March 29, 2013, he filed the instant Motion seeking a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, or in the alternative a new trial pursuant to Federal Rule of Criminal Procedure 33.

## II. ANALYSIS

### A. Defendant's Motion for Judgment of Acquittal

In relevant part, Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." FED. R. CRIM. P. 29(a). A defendant that requests a judgment of acquittal under Rule 29, "faces a nearly insurmountable hurdle [because] . . . [the court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determinations of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury

could find guilt beyond a reasonable doubt." *United States v. Blassingame,* 197 F.3d 271, 284 (7th Cir. 1999) (citations omitted).

Defendant was convicted of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). As a result of the stipulations between the Government and Defendant prior to trial, the only contested fact was whether Rainone legally possessed the firearm in question.

Rainone argues that there was insufficient evidence for the jury to conclude he possessed the firearm. He bases this claim on the fact that he had been in custody the day before officers executed the search warrant and recovered the firearm. Rainone contends that since the Government failed to maintain continuous surveillance of the condominium, it is impossible to know who was at the condominium the day before the warrant was executed, and therefore impossible to know whether the firearm was in fact in someone else's possession. He also argues that the Government failed to provide testimony that the firearm was in the condominium at the time of his arrest. He claims these facts make it so a rational jury could not find him guilty beyond a reasonable doubt. The Court disagrees.

Possession of a firearm may be actual or constructive. *United States v. Kitchen*, 57 F.3d 516, 520 (7th Cir. 1995). Constructive possession is "when a person does not have actual possession but instead knowingly has the power and the intention at a given time

to exercise dominion and control over an object, either directly or through others . . ." *Id.*

Reviewing the evidence in a light most favorable to the Government, the Court finds sufficient evidence to support the jury's verdict. Cozzo testified that Defendant occupied the room where officers discovered the firearm. The night stand in which the firearm was recovered was within arms' reach of Rainone's bed and also had several of his personal effects located in it. Furthermore, the owner of the firearm testified that it was not inadvertently left in Rainone's bedroom. Based on this evidence, the Court finds it reasonable for a jury to infer that Defendant had constructive possession of the firearm. *See United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001) (affirming a defendant's conviction for illegal possession of a firearm when the firearm was found in a night stand next to defendant's bed with his personal effects nearby). Accordingly, Defendant's Motion for Judgment of Acquittal is denied.

**B. Defendant's Motion for a New Trial**

Pursuant to Federal Rule of Criminal Procedure 33, "a district court may vacate any judgment and grant a new trial if the interest of justice so requires." *United States v. McGee,* 408 F.3d 966, 979 (7th Cir. 2005). A motion under Rule 33 is not "to be granted lightly." *United States v. Hester*, 08 CR 848, 2012 WL 1655950 at *5 (N.D. Ill. May 10, 2012). Instead, the Seventh Circuit instructs courts to grant a motion for a new trial "only if the

evidence preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *United States v. Swan,* 486 F.3d 260, 266 (7th Cir. 2007) (citations omitted).

Rainone contends that the Court should grant him a new trial because the Court made erroneous rulings with respect to (1) pre-trial motions; (2) jury selection; and (3) jury instructions. The Court finds such arguments unavailing.

### *1. Pre-Trial Motions*

First, Rainone argues that the Court erred in denying his Motion to Quash and suppress evidence related to the search warrant. Other than this bare assertion, Rainone fails to offer any argument why such ruling was erroneous.

On May 13, 2010, Rainone filed his Motion to Quash and Suppress. ECF No. 35. This motion was based largely on the Government's use of a tracking device placed on Defendant's vehicle. However, at that time, the relevant Seventh Circuit precedent was that a warrant was not required to install a tracking device on a vehicle to monitor the vehicle's movements in public areas. *See United States v. Garcia*, 474 F.3d 994, 996-97 (7th Cir. 2007). This fact, combined with the fact that the firearm was recovered after law enforcement executed a search warrant at Rainone's residence (not his vehicle), caused the Court to deny Rainone's Motion to Quash and Suppress. ECF No. 44.

Nearly two years after Rainone's Motion was filed, the Supreme Court decided *United States v. Jones*, 132 S.Ct. 945 (2012). In *Jones*, the Supreme Court held that the Fourth Amendment requires law enforcement to obtain a warrant prior to installing a tracking device on a vehicle. *Id.* at 954. Rainone argues that this Court should have applied *Jones* to his case.

This argument lacks merit. The Supreme Court has held that suppression is not warranted when an officer relies in good faith on then-existing precedent. *Davis v. United States*, 131 S.Ct. 2419, 2434 (2011). As previously mentioned, at the time officers installed the tracking device on Rainone's vehicle, Seventh Circuit precedent was that a warrant was not required. *Garcia*, 474 F.3d at 996-97. To exclude such evidence at this point would not coincide with the purposes of the exclusionary rule of the Fourth Amendment – that is, to deter law enforcement from unlawful conduct. *See Davis*, 131 S.Ct. at 2428 (stating [p]olice practices trigger the harsh sanction of exclusion only when they are deliberate enough to yield "meaningfu[l] deterrence, and culpable enough to be "worth the price paid by the justice system."). When the officers here placed the tracking device on Rainone's car they acted in strict compliance with binding precedent and their behavior was not wrongful. As such, the Court rejects Rainone's request for a new trial based on the Supreme Court's recent decision in *Jones* or the Court's denial of his Motion to Quash and Suppress.

Next, Rainone argues that the Court erred in denying his Motion for Additional Discovery. Rainone claims that this denial allowed the Government to present evidence that would have otherwise been inadmissible. Specifically, he claims that the Government presented GPS surveillance information "under the guise of Detective Selvik's testimony." Def.'s Post-Trial Mot. at 2. Rainone fails to develop this argument further and instead seems to suggest a *Brady* violation, but again, fails to provide any support.

Because Rainone fails to articulate why the Court's prior denial of his two motions for additional discovery were erroneous, the Court declines to revisit the issue here. *See United States v. Useni*, 516 F.3d 634, 658 (7th Cir. 2008) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . "). Therefore, the Court refuses to grant a new trial for this reason.

The last pre-trial ruling Rainone claims warrants a new trial is the Court's decision to permit the Government to present the testimony of Bryan Thalin, the owner of the firearm. Rainone argues this testimony was unduly prejudicial because Thalin was allowed to testify that the gun was stolen. Rainone contends this testimony forced the jury to conclude that Rainone stole the firearm. However, at trial, neither Thalin nor the Government argued or even insinuated that Rainone stole the gun from Thalin. As such, the Court does not find Thalin's testimony constitutes a

"miscarriage of justice" that requires a new trial.  *Swan,* 486 F.3d at 266.

### 2. Jury Selection

Rainone also claims that the Court should grant a new trial because the Court dismissed a juror over his objection.  However, Rainone fails to specify which juror the Court allegedly dismissed, and fails to articulate the circumstances of the dismissal and why such dismissal was erroneous.  A party must raise objections timely and properly to alert "the court and opposing party to the specific grounds for the objection."  *United States v. Krankel*, 164 F.3d 1046, 1052 (7th Cir. 1998).  Rainone fails to provide sufficient details and argument to support his position here.  Because of this, the Court rejects his argument that this requires a new trial.  *See United States v. Collins*, 361 F.3d 343, 349 (7th Cir. 2004) (declining to address the merits of a defendant's argument in part because the defendant failed to explain how the court's error was prejudicial).

### 3. Jury Instructions

Rainone's final argument is that the Court erred in instructing the jury that more than one person may possess an object to sustain a conviction under 18 U.S.C. § 922(g).  Rainone argues that this instruction was erroneous because there was no evidence that multiple people possessed the firearm.  What Rainone fails to take into account, however, is the fact that there was evidence that a number of guests had visited the condominium and

had access to Defendant's bedroom.  As the Government notes, Cozzo testified that other people had a key to the condominium.  There was also other testimony that one of Rainone's associates, Vincent Forliano, had visited the condominium.  In light of this evidence, the Court finds it was appropriate to advise the jury that possession under 18 U.S.C. § 922 (g) could be either joint or sole possession.  *See United States v. Aldaco*, 201 F.3d 979, 990 (7th Cir. 2000) (rejecting a defendant's argument that the district court erred in giving an instruction on joint possession because there was evidence adduced that made joint possession plausible).

### III.  CONCLUSION

For the reasons stated herein, the Defendant's Post-Trial Motions are denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date:5/31/2013